# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| QUINTIN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01055-O |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss (ECF Nos. 11–13), filed November 3, 2021; Plaintiff's Response (ECF No. 17), filed December 2; and Defendant's Reply (ECF No. 18), filed December 10. Having considered the motion, briefing, and applicable law, the Court **GRANTS** the motion to dismiss **without prejudice**.

## I.       BACKGROUND

Quintin Jones and his wife mortgaged their home in Fort Worth. *See* First Am. Compl. 2, ECF No. 9. Wilmington Savings Fund Society, FSB, held the Jones's mortgage. *Id.* On September 1, 2018, Jones began defaulting on the payments due on the loan. *See* Def.'s App. 22–29, ECF No. 13-1.  Wilmington sent default notices to Jones and scheduled a foreclosure sale for July 2, 2019. *See id.* at 22–29, 30–32. Jones filed four bankruptcies that delayed the foreclosure sale, but all were dismissed.[1] After the fourth bankruptcy petition was dismissed, Wilmington sent notices of acceleration and sale for a September 7, 2021 sale. *See id.* at 39–42.

---

[1] *See In re: Quintin Demon Jones*, Bank. Pet. Nos. 19-42615, 19-44517, 20-43115, 21-40005 (Bankr. N.D. Tex.).

Four days before the sale, Jones sued Wilmington in state court. *See* Notice of Removal Ex. 1, ECF No. 1-2. The same day, Jones obtained a temporary restraining order stopping the foreclosure sale. *Id.* Ex. 2, ECF No. 1-3. On September 15, Wilmington removed to this Court. *Id.*, ECF No. 1. On October 20, Jones filed an amended complaint that included another request for a temporary restraining order. *See* First Am. Compl., ECF No. 9. Jones asked the Court to "restrain, without notice to the Defendant, its attorneys, agents and assigns and anyone acting in concert with them, from foreclosing" on the disputed property. *Id.* at 2. The following day, the Court issued a notice that Jones's request did not comply with Federal Rule of Civil Procedure 65. *See* Order, ECF No. 10. Jones did not amend or supplement his request. On November 3, Wilmington moved to dismiss the complaint for failure to state a claim. *See* Def.'s Mot. to Dismiss, ECF No. 11. The parties exchanged briefs, and the issues are now ripe.

## II.    LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

III.      ANALYSIS

A.      Judicial Notice

As a threshold matter, the Court must decide whether it may consider documents attached to Wilmington's motion to dismiss. Wilmington argues those documents are judicially noticeable. Jones disagrees, arguing that the documents improperly convert the motion to dismiss into a summary judgment motion. Wilmington is correct.

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Stated differently, a court "consider[s] all 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (citation omitted); *see also* Fed. R. Evid. 201. Public records, for example, are judicially noticeable. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). In addition, "[d]ocuments

that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498–99.

The Court may consider the documents Wilmington attached to its motion to dismiss. The deed of trust, assignment, and the notices of substitute trustee's sale are Tarrant County public records. *See* Def.'s App. 1–20, 30–38, 43–44, ECF No. 13-1. Those documents are thus judicially noticeable. *See Norris*, 500 F.3d at 461 n.9. In addition, Jones references the default notices and notice of acceleration in his complaint. *See* Def.'s App. 22–29, 39–42; First Am. Compl. 2, ECF No. 9. Those documents are central to Jones's claims, so the Court may consider them. *See Collins*, 224 F.3d at 498–99. Jones's argument that the documents are improper at this stage is unsupported.

### B.      Failure to State a Claim

Jones alleges a single claim for breach of contract. In support of his claim, Jones alleges he "received no notice of default and an improper notice of acceleration of the note as required by both the security documents and the property code." First Am. Compl. 2, ECF No. 9. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. 2001). Jones has failed to state a claim because he has not alleged facts supporting a reasonable inference that (1) he tendered performance; (2) Wilmington breached; and (3) he suffered damages.

*First*, Jones does not allege that he tendered performance. Wilmington argues that Jones's claim fails because Jones breached the contract by defaulting on the loan. *See* Def.'s Mot. to Dismiss Br. 8, ECF No. 12. "It is a well established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'" *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citation omitted). Arguably, the documents supporting the motion to dismiss establish only

4

that Wilmington provided *notice* of default, not that Jones conclusively defaulted. *See generally* Def.'s App., ECF No. 13-1. But Jones does not dispute Wilmington's claim that he defaulted, and the complaint itself implies as much. *See* First Am. Compl. 2, ECF No. 9 ("Plaintiff has been unable to know how much is actually owed in order to cure the default."). Regardless, to state a claim for breach of contract Jones must plead that he completed performance or tendered performance. *See Valero Mktg. & Supply*, 51 S.W.3d at 351. He has not done so.

*Second*, Jones does not allege facts supporting an inference that Wilmington breached the contract. The basis of Jones's breach of contract claim is that he "received no notice of default and an improper notice of acceleration of the note." First Am. Compl., ECF No. 9. But under Texas Property Code § 51.002(e), "service of notice is complete when the notice is deposited in the United States mail, postage prepaid, and addressed to the debtor's last known address as shown by the records of the holder of the debt." *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 720 (Tex. App.–Dallas 1995) (citing Tex. Prop. Code § 51.002(e)). Jones's allegation that he "received no notice" is therefore insufficient to state a claim for breach of contract. Moreover, the notice gave Jones thirty days to cure the default—ten days more than what is required by section 51.002(d). Likewise, the notice of acceleration complied with section 51.002(b), which requires that a notice of sale must be given twenty-one days before the sale by filing with the county clerk. Plaintiff alleges no facts supporting a reasonable inference that Wilmington's notice of default and notice of acceleration were deficient or otherwise amounted to a breach of contract.

*Third*, Jones does not allege facts supporting an inference that he suffered damages. Jones requests "actual damages, attorney fees and costs of court." First Am. Compl. 2, ECF No. 9. Jones alleges no facts concerning damages. Instead, Jones requested an injunction because his "property *could* be lost forever, and no amount of money damages *could* restore [Jones] to his prior position."

*Id.* (emphasis added). The complaint implies that Jones has not yet suffered damages. That makes sense, because the foreclosure sale has yet to occur. *Chavez v. Freedom Mortg. Corp.*, No. 1:20-cv-522, 2021 WL 327703, at *4 (W.D. Tex. Feb. 1, 2021) (dismissing breach of contract claim because plaintiff's property "has not been foreclosed upon, [so] he cannot rely on any alleged damages due to a foreclosure"). Jones's breach of contract claim therefore also fails because the complaint does not support an inference of damages.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wilmington's motion to dismiss (ECF No. 11). Accordingly, the Court **ORDERS** that the complaint is dismissed **without prejudice**. Jones may amend the complaint within one week of the date of this Order. Failure to amend will automatically convert this Order into a dismissal with prejudice.

**SO ORDERED** this **13th day** of **January, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**